# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WADE SIMPSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner of the Social ) <br> Security Administration,[1] ) <br> ) <br> Defendant. ) | Case No. CIV-16-373-RAW-SPS |

## REPORT AND RECOMMENDATION

The claimant Wade Simpson requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born September 18, 1959, and was fifty-five years old at the time of the administrative hearing (Tr. 21, 135). He completed college and earned a Bachelor's degree, and has worked as a warehouse worker (Tr. 15, 151). The claimant alleges inability to work since December 1, 2008, due to vision problems and diabetes (Tr. 150-151).

### Procedural History

On April 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Doug Gabbard, II, conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 9, 2015 (Tr. 10-17). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that, through the claimant's date last insured of June 30, 2013, he retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the nonexertional limitations of being unable to climb ramps or stairs, only occasionally

using depth perception and walking on uneven surfaces, and being unable to work in a setting that is predominantly lit by fluorescent lighting (Tr. 13). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because he could perform the representative occupations of booth cashier and dining room attendant (Tr. 15-16).

**Review**

The claimant contends that the ALJ erred by (i) improperly evaluating his credibility, (ii) failing to account for all his impairments in formulating the RFC, and (iii) failing to develop the record. The undersigned Magistrate Judge agrees with the claimant's second contention, and the decision of the Commissioner should therefore be reversed.

The ALJ determined that the claimant had the severe impairment of low vision, as well as the nonsevere impairments of degenerative disc disease of the back, degenerative joint disease of the left shoulder, and diabetes with foot pain and numbness (Tr. 12). The relevant medical evidence, which is sparse, reflects that the claimant received treatment at the Pushmataha Family Medical Center, and had continuing diagnoses of diabetes mellitus type II, peripheral neuropathy, and being overweight (Tr. 217-239). Notes reflect the claimant's diabetic retinopathy, and that the claimant was right eye blind (Tr. 232). He was reported to have normal sensation in both feet on October 11, 2012 (Tr. 232).

In January 2013, the claimant underwent a retinal evaluation and was assessed with diabetes mellitus with eye manifestation, proliferative diabetic retinopathy, and

senile nuclear cataract (Tr. 262-264).  Treatment notes also reflect the claimant was noted to have blurry vision and ghost vision (Tr. 291).

The record contains no written RFC assessments from the claimant's treating physicians, nor was there a consultative examining opinion.  The state reviewing physicians determined that the claimant had no exertional, postural, or manipulative limitations, but that he had limited right eye depth perception (Tr. 68).  In remarks, "J.S., D.O." noted that the claimant was likely to have depth perception problems given the difference in vision between the two eyes, but ultimately concluded that the claimant appeared to have nonsevere impairments (Tr. 68-69).

At the administrative hearing, the claimant testified that he has range of motion problems with his shoulder so that he could hardly reach overhead, and it was worse with the left arm than the right (Tr. 32).  He also stated that being under fluorescent lights is disorienting and his vision gets worse the longer he is under it (Tr. 35-36).  He said that in addition to depth perception problems, his eye will produce a "ghost image" (Tr. 36).  He further testified that he had difficulty walking down stairs because it was hard to judge where the stairs were (Tr. 41).

In his written opinion at step two, the ALJ determined that the claimant had the severe impairment of low vision and the nonsevere impairments of degenerative disc disease of the back, degenerative joint disease of the left shoulder, and diabetes with foot pain and numbness (Tr. 12).  At step four, the ALJ summarized the claimant's hearing testimony then stated that the medical evidence supported the assigned RFC, noting that examinations from 2009 and 2013 were fairly normal and yielded similar results,

although the claimant's impaired vision in the right eye was noted in 2013 (Tr. 15). He then assigned great weight to the opinion of the state reviewing physician, finding it was accompanied by "detailed explanations" and that the reviewer was "well-versed in the assessment of functionality (Tr. 15). He used boilerplate language to state that the claimant was not credible, then stated that he "found the claimant to be a very honest and credible person" (Tr. 31). He did not mention or discuss any of the other medical evidence in the record, nor any of the nonsevere impairments at step four, and ultimately determined that the claimant was not disabled.

The claimant contends that the ALJ erred at step four in failing to consider his nonsevere impairments of neuropathy and shoulder pain at step four. The undersigned Magistrate Judge agrees that the ALJ is required to consider all of a claimant's impairments – both severe and nonsevere – singly and in combination, when formulating a claimant's RFC. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."), *quoting Langley v. Barnhart,* 373 F.3d 1116, 1123-24 (10th Cir. 2004), *quoting* 20 C.F.R. § 404.1523). *See also Hill v. Astrue*, 289 Fed. Appx. at 292 ("But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the

claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [emphasis in original] [citations omitted]. Here the ALJ's failure to do so *was not* harmless, because the ALJ's failure to account for the nonsevere impairments indicates that the RFC does not wholly account for the claimant's impairments. Additionally, this reflects a failure to assess the combined effect of all the claimant's impairments – both severe and nonsevere – for his RFC. In fact, the ALJ cited to two examinations in the record and ignored the rest of the record. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hamlin*, 365 F.3d at 1219 (10th Cir. 2004). Because the ALJ failed to properly account for all of the claimant's impairments, the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis. If such analysis on remand results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

In light of the recommendation for remand for the above reasons, the undersigned Magistrate Judge further notes the claimant's assertion that the ALJ erred in his credibility analysis. Since the ALJ's opinion was issued, the Social Security Administration has eliminated the term "credibility" in Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016), and has provided new guidance for evaluating statements pertaining to intensity, persistence, and limiting effects of symptoms in disability claims. "Generally, if an agency makes a policy change during the pendency of a claimant's

appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (*quoting Sloan v. Astrue*, 499 F.3d 883, 889 (8th Cir. 2007). Accordingly, on remand the ALJ should also apply Soc. Sec. Rul. 16-3p to assessing the intensity, persistence, and limiting effects of the claimant's alleged impairments on remand.

**Conclusion**

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 22nd day of August, 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**